# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0870


JAMES LANDRENEAU

VERSUS

ST. LANDRY FIRE DISTRICT III


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 00-08258
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**AFFIRMED.**


**James S. Gates**
**MORROW, MORROW, RYAN & BASSETT**
**P. O. Drawer 1787**
**Opelousas, LA 70571**
**(337) 948-4483**
**Counsel for Plaintiff/Appellant:**
  **James Landreneau**

**Jeffrey J. Warrens**
**Attorney at Law**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0652**
**Counsel for Defendants/Appellees:**
  **St. Landry Fire District III**
  **Louisiana Workers' Compensation Corporation**

**DECUIR, Judge.**

Workers' compensation claimant, James Landreneau, appeals a judgment finding that he failed to carry the burden of proof necessary to establish that he contracted bladder cancer as a result of his work as a firefighter.

## FACTS

James Landreneau has been employed as a firefighter with St. Landry Fire District III since 1973. Landreneau is presently the Assistant Fire Chief.

Landreneau was initially diagnosed with recurrent bladder cancer on August 2, 1989, after he had served as a firefighter for approximately sixteen years. There have been three recurrences of the bladder cancer, for which Landreneau has undergone prompt and successful surgery for removal of the tumors. He is not currently disabled, and the payments for medical expenses associated with the recurrent bladder cancers have been made through his private health insurance company, with his personal payments of deductibles and copayments. LWCC and the employer have declined to pay the expenses through workers' compensation.

Landreneau responded to fires regularly throughout the years. In the early years, from 1973 through 1980, protective equipment was infrequently used, and the safety equipment was not as comprehensive as the respirators currently used. He is a non-smoker, is not obese and has no history of bladder cancer in his family. The only apparent risk factor for bladder cancer for Landreneau is his exposure to chemicals, fire and smoke. The workers' compensation judge found that these facts were insufficient to establish that his bladder cancer was caused through occupational exposure and, therefore, denied his claim for medical payments. Landreneau lodged this appeal.

## DISCUSSION

Landreneau contends that the workers' compensation judge's conclusion that he failed to establish that he contracted bladder cancer as a result of his work as a firefighter is manifestly erroneous. We disagree.

A previous panel of this court found that La.R.S. 33:2011 is not applicable to this case because Landreneau is not disabled. Accordingly, his claim is based on the theory that bladder cancer is an occupational disease under La.R.S. 23:1031.1. Louisiana Revised Statute 23:1031.1 states, in pertinent part:

> B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.

In *Coats v. American Telephone & Telegraph Co.*, 95-2670, p. 7 (La. 10/25/96), 681 So.2d 1243, 1247, the supreme court said:

> In examining the merits of an occupational disease claim, the threshold question is whether or not the claimant has sustained an occupational disease resulting from causes and conditions characteristic of and peculiar to his particular trade, occupation, process, or employment. LSA-R.S. 23:1031.1; *Peck v. Procter & Gamble Manufacturing Co.*, 586 So.2d 714 (La.App. 3 Cir. 1991). Proof of such a causal connection need not be shown to an absolute certainty. It is sufficient that the claimant establish the cause of his disability by a reasonable probability.

The parties stipulated prior to trial that Landreneau is not disabled by his condition. Therefore, the compensability of his medical expenses under La.R.S. 23:1203 is the only issue in dispute. Thus, Landreneau had the burden of proving, by a reasonable probability, that he contracted bladder cancer as a result of his employment. The workers' compensation judge found that he had not met that burden of proof. This is a factual finding that this court will reverse only upon a showing that

the workers' compensation judge was manifestly erroneous or clearly wrong. *See Rosell v. ESCO,* 549 So.2d 840 (La.1989).

To support his claim, Landreneau testified to his twenty-eight years as a firefighter; his exposure to toxic chemicals, smoke and fire; and the lack of any other pertinent risk factors for bladder cancer. In addition, Landreneau put on evidence, which the parties stipulated to be accurate, as to the number of fires during the period when he contracted his bladder cancer. There was no evidence that he had bladder cancer before he began working for the department.

The workers' compensation judge apparently gave great weight to the testimony of Landreneau's doctor, Dr. Frank Bacque. When asked whether Landreneau's work as a firefighter had any role in the development of his bladder cancer, he indicated that he would "have a hard time proving anything like that." When pressed for his opinion, the doctor responded that he did not think that Washington, Louisiana, suffered from the type of major fires on a recurring basis that are usually associated with this particular occupational hazard. Moreover, the doctor testified that in his twenty-one years of urology practice in the Lafayette area, he has never treated another firefighter with the same type of cancer.

While Landreneau established that there is a possibility that he contracted the disease as a result of his employment, the evidence presented supports the workers' compensation judge's finding that Landreneau failed to establish a reasonable probability that he contracted bladder cancer as a result of his employment. Thus, this assignment of error lacks merit.

**DECREE**

For the foregoing reasons, the decision of the workers' compensation judge is affirmed.  All costs of these proceedings are taxed to appellant, James Landreneau.

**AFFIRMED.**

4